```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


FINANCIAL FEDERAL CREDIT, INC.,  §
                                 §
     Plaintiff,                  §
                                 §
v.                               §    CIVIL ACTION NO. H-08-207
                                 §
CRAWFORD BURKE, and              §
JEAN BURKE,                      §
                                 §
     Defendants.                 §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Financial Federal Credit, Inc.'s Motion for Summary Judgment (Document No. 22). Defendants have filed no response, and the motion is therefore deemed unopposed pursuant to Local Rule 7.4. After having considered the motion and the applicable law, the Court concludes that for the reasons below the motion should be granted only in part.

I. Background

Financial Federal Credit, Inc. ("Plaintiff") brings this action to recover sums from Crawford Burke and Jean Burke (together, "Defendants") pursuant to the terms of personal guaranties executed by Defendants.[1] Plaintiff allegedly began providing financing to Burke Trucking, Inc. ("Trucking") in August

---

[1] Document No. 1.

2003.² On August 26, 2003, Defendants executed guaranties for the obligations of Trucking to Plaintiff.³ The guaranties provide, in relevant parts,

> As a material inducement to [Plaintiff] to provide one or more loans or other financial accommodations to or for the benefit of [Trucking] . . . [Defendants] agree[] to be directly and unconditionally liable to [Plaintiff] (without reduction by reason of any claim, defense, setoff, counterclaim or recoupment of [Trucking] or [Defendants]) for the due payment and performance of all Obligations, and any and all future renewals, modifications, amendments, extensions, increases and/or supplements thereof, whether previously, contemporaneously or subsequently created or incurred, and for the due payment and performance of any and all indebtedness and/or obligations of [Trucking] of whatever kind or character, whether now or in the future arising, existing, incurred, contracted or owing to [Plaintiff] . . . .
>
> [T]his is a continuing guaranty . . . .
>
> The guaranty of Guarantor as set forth herein is a guaranty of payment and performance, and not of collection.⁴

Between March 28 and April 4, 2007, Plaintiff provided financing to Trucking in exchange for nine promissory notes and security agreements executed by Crawford Burke on behalf of Trucking.⁵ Trucking failed to pay in accordance with the

---

² Id. ¶ 6.

³ Document No. 22, exs. J-K (Guaranties).

⁴ Id.

⁵ Document No. 22, exs. A-I (Notes and Security Agreements).

promissory notes and filed a Chapter 11 petition in bankruptcy on January 8, 2008.[6] Plaintiff filed this case on January 17, 2008.[7] According to an Agreed Order in the bankruptcy court, Trucking was held indebted to Plaintiff for $1,842,304.33 as of the date Trucking filed for bankruptcy, not including costs, fees, or interest.[8] Pursuant to the Agreed Order, Trucking surrendered the collateral securing the promissory notes, which was done "with full reservation of all rights and claims of [Plaintiff] against any guarantors of the Indebtedness, and in and to the Additional Collateral and Cash Collateral."[9]

Plaintiff took possession of Trucking's equipment collateral and sold it at auction for $1,519,000, which partially reduced the debt owed to it.[10] Plaintiff incurred $19,963.91 in expenses repossessing and auctioning the equipment.[11] It is undisputed that, as of February 19, 2008, the day after the auction, $353,667.82 was still owed to Plaintiff.[12]

---

[6] Document No. 22, ex. Copple Aff. ¶ 3; *see also* Document No. 15 ¶¶ 42-59 (admitting that Trucking failed to make all the payments due on the notes).

[7] Document No. 1.

[8] Document No. 22, ex. L (Agreed Order) at 2.

[9] Document No. 22, ex. L (Agreed Order) at 5.

[10] Document No. 22, ex. Copple Aff. ¶ 32.

[11] Document No. 22, ex. Copple Aff. ¶ 33.

[12] Document No. 22, ex. Copple Aff. ¶ 35.

Plaintiff seeks summary judgment that Defendants are jointly and severally liable for the $353,667.82, plus pre- and post-judgment interest and costs, and that Defendants' affirmative defense of *dation en paiement* fails as a matter of law.[13]

## II.  Standards of Review

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2553 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.

---

[13] Document No. 22 at 14-15.

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2513 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 106 S. Ct. 1348, 1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993) (citing <u>Matsushita</u>, 106 S. Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." <u>Id.</u> Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial." <u>Anderson</u>, 106 S. Ct. at 2513.

A motion for summary judgment cannot, of course, be granted simply because there is no opposition. <u>Hetzel v. Bethlehem Steel Corp.</u>, 50 F.3d 360, 362 n.3 (5th Cir. 1995). When no response is filed, however, the Court may accept as undisputed the facts set forth in support of the motion and grant summary judgment when a *prima facie* showing for entitlement to judgment is made. *See* <u>Eversley v. Mbank Dallas</u>, 843 F.2d 172, 174 (5th Cir. 1988); <u>Rayha v. U.P.S., Inc.</u>, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996).

5

III.  Discussion

Under Louisiana law, a "guaranty of payment or absolute guaranty, . . . exists whenever the guarantor binds himself in solido with the principal debtor or when he waives the benefit of discussion and division.  Under such a contract, the guarantee may proceed directly against the guarantor immediately upon the default on the principal debtor."  Am. Bank & Trust Co. v. Blue Bird Rest. & Lounge, Inc., 279 So.2d 720, 722 (La. Ct. App. 1973), aff'd, 290 So.2d 302 (La. 1974); King Musical Inst., Inc. v. Arceneaux Music Ctr., Inc., 441 So.2d 786, 787-88 (La. Ct. App. 1983).[14]  Binding oneself in solido or waiving the benefit of discussion and division occurs when the terms of the guaranty place no conditions precedent, except the principal's default, on the creditor recovering from the guarantor.  See id.  "A conditional guaranty, on the other hand, obligates the guarantor to discharge the principal's debt only in the event that the creditor is unable to recover payment through legal action against the debtor.  Under the

---

[14] The Guaranties provide that "THIS GUARANTY AND ALL DOCUMENTS EXECUTED IN CONNECTION HEREWITH SHALL BE CONSTRUED IN ACCORDANCE WITH AND GOVERNED BY THE LAWS OF THE STATE OF GUARANTOR'S LOCATION AS SET FORTH IN THIS AGREEMENT, OR, IF ONE OR MORE OF THE TERMS OF THIS GUARANTY WOULD BE INVALID OR UNENFORCEABLE UNDER THE LAWS OF SUCH STATE, THE LAWS OF THE STATE OF [PLAINTIFF'S] LOCATION AS SET FORTH IN THIS AGREEMENT."  See Document No. 22, exs. J-K.  The Guarantees establish that Defendants were both located in Louisiana.  Id.

6

contract, the guarantor is entitled to a discussion of the debtor's effects." Am. Bank & Trust Co., 279 So.2d at 722.

Here, Defendants "agree[d] to be directly and unconditionally liable to [Plaintiff]" for any past or future obligations of Trucking. Indeed, the Guaranties themselves provide, "The guaranty of Guarantor as set forth herein is a guaranty of payment and performance, and not of collection"; "this is a continuing guaranty."[15] Thus, Defendants were absolute guarantors for Trucking's past and continuing obligations. Trucking needed only to default in order for Plaintiff to recover from Defendants. It is undisputed that Trucking defaulted, and thus Plaintiff can seek recovery from Defendants for any amount unpaid by Trucking. Plaintiff may therefore recover from Defendants the amount still owed to Plaintiff after the sale of Trucking's collateral.[16]

Defendants assert the affirmative defense of *dation en paiement*, contending that Trucking transferred the collateral to Plaintiff thereby extinguishing (1) all Trucking's obligations, and therefore (2) any liability Defendants had as Trucking's guarantors.[17] Similar to an accord and satisfaction, a *dation en*

---

[15] Document No. 14, exs. J-K (Guaranties).

[16] In terms of the amount still owed, it is undisputed that Plaintiff notified all interested parties and conducted the sale of the collateral in a commercially reasonable manner in accordance with law. *See* LA. REV. STAT. ANN. § 10:9-610 to -613; Document No. 22, ex. Copple Aff. ¶¶ 20-32.

[17] Document No. 15 at 7.

7

*paiement*, or a giving in payment, "is a contract whereby an obligor gives a thing to the obligee, who accepts it in payment of a debt." LA. CIV. CODE ANN. art. 2655 (2005); Gorum v. Optimist Club of Glenmora, 771 So.2d 690, 695 (La. Ct. App. 2000).  In addition to delivery of the thing given in payment, "[a]ll of the elements necessary to perfect a valid sale--that is, agreement as to the thing and the price--are essential to the perfection of a giving in payment."  LA. CIV. CODE ANN. art. 2655, cmt. c.  Not only have Defendants failed to proffer any evidence raising genuine issues of material fact regarding an agreement about the collateral's price, but their alleged defense also is contradicted by the explicit terms of the Agreed Order.  Pursuant to the Agreed Order, Trucking agreed that the surrender "shall be with full reservation of all rights and claims of [Plaintiff] against any guarantors of the Indebtedness, and in and to the Additional Collateral and Cash Collateral."  Thus, Trucking explicitly agreed to surrender the collateral without affecting Plaintiff's right to recover any deficiencies from Defendants, the guarantors. The surrender of the collateral was not a *dation en paiement* and the defense fails.  As a matter of law the uncontroverted summary judgment evidence entitles Plaintiff to summary judgment for the principal amount of $353,667.82.

Plaintiff also seeks prejudgment interest in the amount of $30,769.10 as of August 11, 2008, with additional accruals of

prejudgment interest at the rate of $176.83 per day until the entry of judgment based on the "highest rate allowed by Texas law."[18] Plaintiff's conclusory affidavit claiming the foregoing amounts of prejudgment interest, however, do not appear consistent with the loan documents themselves.  First, the loan documents are governed by Louisiana law.  "Although [Plaintiff] has claimed interest at the maximum rate allowed by Texas law, the Court is bound by the terms of the contracts and the choice of law provisions contained therein."  Fin. Fed. Credit Inc. v. Dinardo, No. H-05-0313, 2006 WL 734391, at *3 (S.D. Tex. Mar. 22, 2006) (Ellison, J.).  "When the choice of law affects the relief to which [a party] is entitled, as it does in the case of pre-judgment interest," a court applies law chosen by the parties as governing their agreements.  Id. Moreover, included in the total principal amount of each note is pre-computed interest at the non-default interest rate.  Thus, the "principal" amount of each note from the date of the note includes interest due on all future monthly installments which, for all notes appears to total more than $332,000 in interest.  Many of the installment payments were to extend into 2010, and a few well into 2011.  When the entire indebtedness becomes due by acceleration or otherwise, the notes provide for interest "excluding accrued and unpaid interest and late charges" at a maximum lawful daily rate not to exceed the equivalent of nearly 24% per annum until paid in

---

[18] Document No. 22, ex. Copple Aff. ¶¶ 36,37.

full.  It is not clear from the summary judgment evidence whether the debt of $1,842,304.33, as determined by the bankruptcy court on January 8, 2008, includes all of the contemplated future payments of interest that are embedded in the principal sums of the notes and should also be counted as prejudgment interest.  In other words, there is not only a question of which state law applies, but also insufficient clarity as to what are the facts to which the law is to be applied.  Plaintiff has failed to provide verified evidence or a legal analysis sufficient to establish its entitlement to the prejudgment interest it seeks.  Accordingly, because Plaintiff has not established on summary judgment the amount of prejudgment interest, if any, to which it is entitled, Plaintiff's claim for recovery of prejudgment interest must await trial on the merits.

## IV.  Order

Accordingly, it is

ORDERED that Plaintiff Financial Federal Credit, Inc.'s Motion for Summary Judgment (Document No. 22) is GRANTED in part, as follows:  Plaintiff Financial Federal Credit, Inc. shall have and recover from Defendants Crawford Burke and Jean Burke the principal sum of Three Hundred Fifty-Three Thousand Six Hundred Sixty-Seven and 82/100 Dollars ($353,667.82).  Plaintiff's motion is otherwise

DENIED. Remaining for trial is Plaintiff's claim for prejudgment interest.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 17th day of February, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE